**Pedro BARBAN, Plaintiff–Appellant,**

v.

**RHEEM TEXTILE SYSTEMS, INC. and Hoffman/New Yorker, Inc. Defendants–Third–Party–Plaintiffs–Appellees,**

**Ak Cleaner, Inc., Young Suk Bae and Myung Suh Koo, Third–Party–Defendants.**

No. 05–1386–CV.

United States Court of Appeals, Second Circuit.

Oct. 26, 2005.

Gary A. Zucker, Zucker & Ballen, P.C., Brooklyn, NY, for Appellant.

Robert A. Calinoff (Dorothy H. DeMarinis–Riggio), Calinoff & Katz LLP, New York, NY, for Appellees, of counsel.

Present: JACOBS, CABRANES, and SACK, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Pedro Barban appeals from the February 11, 2005 decision of the United States District Court for the Eastern District of New York (Glasser, *J.*) granting Appellees' motion to preclude the testimony of Barban's expert, Stanley H. Fein, and for summary judgment on the complaint. Barban—whose hand was severely burned while he was operating a laundry press machine manufactured by the predecessor-in-interest of Appellees—alleges causes of action for strict liability and negligence. He contends that the machine was defective in failing to provide adequate protection to prevent the operator's hands from becoming entrapped between the ironing surfaces.

Barban argues that Fein's testimony was improperly excluded. The standard for reversing a decision to admit or exclude expert testimony is abuse of discretion. *See Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.,* 314 F.3d 48, 59—60 (2d Cir.2002). Regardless of whether Fein was qualified to render his expert opinions, the district judge did not abuse discretion in precluding the opinions as unreliable and speculative. Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert testimony, provides that a qualified expert may testify

in the form of opinion or otherwise "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." District courts "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

The district court found that Fein demonstrated bias, lacked concrete knowledge regarding many of the assumptions underlying his conclusions, and had not performed the types of studies that could have buttressed his insufficient knowledge base. And as the district court noted, many of Fein's assertions were conclusory or based on assumptions not relevant to the manufacture of the laundry press during the 1970s. The district court did not abuse discretion in rejecting Fein's expert testimony as unreliable and speculative.

We review a district court's decision granting summary judgment *de novo. Viola v. Philips Med. Sys. of N. Am.,* 42 F.3d 712, 716 (2d Cir.1994). As Barban's counsel conceded at oral argument, without Fein's testimony, Barban's substantive claims fail because there is no way for a reasonable juror to determine whether the risks posed by the product's design outweighed its utility, *see Voss v. Black & Decker Mfg. Co.,* 59 N.Y.S.2d 102, 108, 463 N.Y.S.2d 398, 450 N.E.2d 204 (1983) (a product is defective if "it is a product which, if the design defect were known at the time of manufacture, a reasonable person would conclude that the utility of the product did not outweigh the risk inherent in marketing a product designed in that manner."), or if the design failure he identified was a substantial factor in causing his injury. The district court properly granted summary judgment.

For these reasons, the decision of the district court is **AFFIRMED.**